IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:20-CV-00393

SKANSKA USA CIVIL SOUTHEAST INC.,

    Plaintiff,

v.

UP COMMUNITY FUND, LLC,

    Defendant.

**CONSENT PROTECTIVE ORDER**

    This matter is before the Court upon a Joint Motion of the parties for entry of a Proposed Consent Protective Order, the terms of which the parties have stipulated and agreed to. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the representations and stipulations of the parties, the Court finds that certain information sought to be produced during discovery in this action will likely represent or contain confidential financial, business, commercial, personal, or other sensitive information.

    IT IS THEREFORE ORDERED that this Protective Order governs the handling of discovery materials produced, given or exchanged by the parties and any non-parties to this action after the signing of this order, and the following terms and conditions shall apply ("Protective Order"):

    1.    **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery and within the scope of Rule 26 of the Federal Rules of Civil Procedure (hereinafter collectively, "Documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, financial information, proprietary information, or confidential research, development, or commercial information. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (i)-(ix) below. The following categories of persons are be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

   i. The Court and its staff;

   ii. Counsel and employees or contractors of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

   iii. Parties;

   iv. In-house counsel, management, directors, officers, and employees of a party to this Order, but only to the extent necessary to conduct the litigation in which the information is disclosed;

   v. Court reporters who record deposition or other testimony in this case and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

   vi. Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

   vii. Deposition and trial witnesses to whose testimony the materials are relevant;

   viii. Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. Control of Documents. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

e. All persons authorized to receive "Confidential" information under this Order (other than the Court and court reporters) shall be shown a copy of this Order, and, if not a lawyer acting as counsel to a party, an employee or contractor of such counsel, or a party or its management, directors, officers, or employees, shall, in a written and signed Certificate such as that annexed hereto as Appendix A, state that he or she has read this Order and agrees to be bound by the terms thereof. Counsel of record for the disclosing party shall then retain the Certificate until the conclusion of the litigation of this matter and shall make such certificate available to counsel for the producing party or non-party if so ordered by the Court upon a showing of good cause.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina to insure that the documents receive proper protection from public disclosure, which may include: (1) filing a redacted document with the consent of the party who designated the

document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal in accordance with the Federal Rules of Civil Procedure and Local Rules of the Western District of North Carolina. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit an un-redacted portion of a CONFIDENTIAL document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.

7. **Disclosure to Authors.** Nothing herein shall prevent any counsel of record from using confidential information in the examination or cross-examination of any person who is indicated on the CONFIDENTIAL document as being an author, source, or recipient of the document, irrespective of who produced such information.

8. **Challenges to Designation as Confidential.** Any party may request a change in the designation of any information designated CONFIDENTIAL. Any such document shall be treated as designated until the change is agreed to or ordered. The parties shall use their best efforts to resolve the issue before presenting it to the Court. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" may be affected. The party challenging the material as "Confidential" shall have the burden of proving that the information in question does not fall within the scope of protection.

a. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Responding to Subpoenas**. If any receiving party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks documents which have been designated CONFIDENTIAL, the receiving party shall give prompt written notice by hand, electronic or facsimile transmission of such subpoena or order, to the producing party who designated the document Confidential. The producing party may then notify the subpoenaed party of the producing party's intent to intervene to resist the subpoena or order. The producing party must provide such notification to the subpoenaed party no later than three (3) business days before the response to the subpoena or order is due (unless the subpoenaed party provides notice of the subpoena or order to the producing party less than five business days before the response to the subpoena or order is due, in which case the producing party must provide such notification to the subpoenaed party as soon as reasonably possible but in no event after the time when the response to the subpoena or order is due). Should the producing party give notice of such intent, the subpoenaed party shall take steps reasonable and necessary to withhold production while the motion is pending, provided, however, that nothing in this Order shall be construed to require a party or person to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

10. **Treatment on Conclusion of Litigation.**

    a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

c. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

11. **No Waiver.** Entering into this Protective Order, agreeing to produce or producing or receiving designated documents or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery or seek a further protective order with respect to any discovery request in this or any other action, or operate as an admission by any party that the restrictions and

procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL.

12. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

IT IS SO ORDERED.

Signed: March 3, 2021

Graham C. Mullen
United States District Judge

WE CONSENT AND OUR BOUND AS OF THE 26TH DAY OF FEBRUARY, 2021.

| | |
|---|---|
| WILLIAMS, MULLIN, CLARK & DOBBINS, P.C. | JOHNSTON, ALLISON & HORD, P.A. |
| /s/ Gilbert C. Laite, III | /s/ Kathleen D.B. Burchette |
| Gilbert C. Laite, III, N.C. Bar No. 12460 | Parker E. Moore, N.C. Bar No. 43077 |
| glaite@williamsmullen.com | pmoore@jahlaw.com |
| Anna T. Birkenheier | Kathleen D.B. Burchette, N.C. Bar No. 45891 |
| abirkenheier@williamsmullen.com | kburchette@jahlaw.com |
| P.O. Box 1000 | 1065 East Morehead Street |
| Raleigh, NC 27602-1000 | Charlotte, NC 28204 |
| Tel: 919-9810-4046 | Tel: 704-332-1181 |
| Fax: 919-981-4300 | Fax: 704-376-1628 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:20-CV-00393

| | |
|---|---|
| SKANSKA USA CIVIL SOUTHEAST INC., <br><br> Plaintiff, <br><br> v. <br><br> UP COMMUNITY FUND, LLC, <br><br> Defendant. | **DECLARATION AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)** |

  The undersigned, _____ (print or type name), under oath, hereby acknowledges that s/he received a copy of the Consent Protective Order regarding the use and disclosure of confidential information in the matter *Skanska USA Civil Southeast Inc. v. UP Community Fund, LLC*, has read and understands fully, and agrees to be bound by, the provisions thereof.

_____
(Sign name)

  The foregoing document was sworn to and subscribed before me this \_\_\_\_\_ day of _____, _____.

_____
(Signature of Notary Public)

_____
(Printed Name of Notary Public)

Commission Expires:_____